IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACY LYNN HANDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 20-1567 |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 19 and 22). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 18 and 23). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 19) and granting Defendant's Motion for Summary Judgment. (ECF No. 22).

**I.  BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her applications alleging disability since February 10, 2012. Administrative Law Judge ("ALJ"), Mattie Harvin-Woode, held a video hearing on November 26, 2019. (ECF No. 12-2, pp. 38-64). On January 8, 2020, the ALJ found Plaintiff was not disabled. (ECF No. 12-2, pp. 16-29).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 19 and 22). The issues are now ripe for review.

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Fraud and Error in the Face of the Evidence

Plaintiff's first two arguments center around her allegation that her ex-husband,[2] who was employed by the Social Security Disability Determination Division, "caused her to have an unfavorable Social Security Disability decision." (ECF No. 18, pp. 7-11). To that end, she asserts that he said he would "take care of the Social Security Disability papers [associated with her aneurysm in February of 2012], but [he] did not" and he did not tell her of hearings or when papers were due or to retain an attorney. *Id*. at pp. 7-8. Plaintiff asserts this was both fraud by her ex-husband and an error in the face of evidence. *Id.* at pp. 7-11. As a result, Plaintiff submits that due process requires a new hearing.

"[D]ue process requires that any hearing afforded [a Social Security disability] claimant be full and fair." *Ventura v. Shalala,* 55 F.3d 900, 902 (3d Cir.1995). This standard is violated where the ALJ displays a bias or animus against a claimant or a claimant is deprived of the opportunity to present evidence. *Ventura,* 55 F.3d at 902-903.

---

[2] It is unclear whether Plaintiff is separated from her husband or if they are divorced, as Plaintiff asserts they are "separated" but also refers to him as her "ex-husband."

3

The ALJ considered Plaintiff's argument regarding reopening her prior case. On this point, ALJ provided as follows:

> The claimant and her representative requested reopening of a prior dismissal on the basis of fraud or similar fault perpetrated by the claimant's estranged husband who, she claims, "told [her] that he would take care of [her] Social Security disability papers" but "verbally and mentally abused [her]" and allegedly mishandled her prior application for disability benefits (Exhibits B22E p. 1, B224E p. 1). As this is an unfavorable decision with an alleged onset date identical to that of the prior application, and no issues are present which would otherwise require that the prior dismissal be reopened, it is not necessary to reach a conclusion as to whether the result was obtained by fraud or similar fault in concluding that no reopening is warranted (see HALLEX I-2-9-1). It is worth noting, however, that while the claimant has suggested behaviors that could constitute "similar fault," she has not provided any corroborating evidence to support the conclusion that a preponderance of the evidence indicates that her husband "[k]knowingly" (sic) engaged in the alleged activities that are materially harmful to her previous claim (HALLEX I-1-3-15).

(ECF No. 12-2, p. 16). Importantly, as noted above, the ALJ considered the evidence from Plaintiff's alleged onset date of February 10, 2012, the same date of the prior application. Reviewing all evidence from that date on, the ALJ concluded that Plaintiff "has not been under a disability within the meaning of the Social Security Act from February 10, 2012, through the date of this decision." (ECF No. 12-2, p. 17). Plaintiff does not contest that she had a full hearing on her claim from her alleged onset date of February 10, 2012 through January 8, 2020 during which she was represented by counsel. As a result, Plaintiff was able to present all evidence in her case and was not prevented from offering any evidence. She offers no explanation of how a reopening would make a difference. Thus, I find she has not been deprived due process. Consequently, a remand for a new hearing on this basis is not warranted,

### C. Substantial Evidence

Plaintiff next asserts that the ALJ's determination is not supported by substantial evidence. (ECF No. 18, pp. 12-17). Specifically, Plaintiff asserts that there is "sufficient evidence" for Plaintiff to be found disabled and that the ALJ misinterpreted the medical records. *Id.* To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen,* 881 F.2d at 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

Nonetheless, after a review of the evidence and reading the decision of the ALJ as a whole, I find I am able to make a meaningful review and proper review. I have considered Plaintiff's misinterpretation arguments and find no merit to the same. Simply because a plaintiff has an impairment or a diagnosis does not equate to a disability. The ALJ found that Plaintiff has the RFC to perform light work with exceptions. (ECF No. 12-2, p. 22). The ALJ's finding is supported by substantial evidence of record. (ECF No. 12-2, pp. 16-29). Thus, I find no error in this regard.

D. **Step 3 - Listings**

Finally, Plaintiff argues that the ALJ erred in her analysis at step 3. (ECF No. 18, pp. 18-20). In step 3 of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1.; *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). As such, the criteria for a listed impairment is set at a higher level of severity than for meeting a disability determination. *Zebley,*

493 U.S. at 532. Therefore, to meet or equal a listed impairment, a plaintiff must meet all of the criteria. *Id.* ("An impairment that manifests only some of those criteria, no matter how sever, does not qualify."). It is a plaintiff's burden to show that his/her impairment matches a listing or is equal in severity to a listed impairment. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992).

At issue in this case are Listings 12.02 (neurocognitive disorders) and 11.02 (seizure disorders/headaches). (ECF No. 18, pp. 18-19). Here, the ALJ specifically considered whether Plaintiff's severe impairments meet or equaled these listing. (ECF No. 12-2, pp. 20-22). In opposition, Plaintiff merely avers that she meets these listings. (ECF No. 18, pp. 18-19). After a review of the evidence and reading the decision of the ALJ as a whole, I find I am able to make a meaningful review and find that the ALJ's determination is supported by substantial evidence of record. (ECF No. 12-2, pp. 16-29). Plaintiff's suggestion that her interpretation of the medical evidence more properly defines her abilities ignores the substantial evidence standard of review. Consequently, I find remand is not warranted based on this argument.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STACY LYNN HANDY, )
)
     Plaintiff, )
)
-vs- ) Civil Action No. 20-1567
)
KILOLO KIJAKAZI,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
)
     Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 13th day of December, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 19) is denied and Defendant's Motion for Summary Judgment (ECF No. 22) is granted.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

---

[3] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.